O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. EDCV 13-02310 AN<br><br>MEMORANDUM AND ORDER |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one disputed issue. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") failed to give proper consideration to the opinion of the state agency medical consultant, Matthew C. Gleason, M.D. (JS 3-6; AR 306-16.)

In a Physical Residual Functional Capacity Assessment ("RFC") form dated December 29, 2010, Dr. Gleason noted that Plaintiff has been diagnosed with essential hypertension, cervical radiculopathy, cervical radiculitis, diabetes mellitus type II uncontrolled, and hyperlipidemia. (AR 306.) Dr. Gleason found that x-ray evidence

supported Plaintiff's allegations of back pain and that Plaintiff's obesity would aggravate that pain. (AR 310.) Dr. Gleason opined that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and occasionally push/pull with her upper extremities. (AR 306). Dr. Gleason also assessed Plaintiff with non-exertional limitations. (AR 308-09.) Dr. Gleason found that Plaintiff should not reach overhead with her upper extremities, should avoid concentrated exposure to extreme heat and hazards, such as unprotected heights and moving machinery, and should not engage in more than frequent handling or fingering with her upper left extremity. (AR 308-09.) On the RFC form and in a case analysis, Dr. Gleason stated," [a] light RFC is not unreasonable." (AR 310, 313.)

In the decision, the ALJ found that Plaintiff has the RFC for "the full range of light work as defined in 20 C.F.R. § 416.967(b)."[1] (AR 16.) Based on this RFC, the ALJ found that Plaintiff could no longer perform her past relevant work as a home healthcare provider, which required medium work. (AR 17, 52.) Considering Plaintiff's age, education, and work experience, the ALJ determined that a finding of "not disabled" was directed by Rule 202.14 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"). (AR 18.)

Plaintiff asserts that the ALJ erred by failing to state the weight given to Dr. Gleason's opinion or offer specific reasons for rejecting his opinion. (JS 3-4.) Plaintiff contends that Dr. Gleason's opinion regarding Plaintiff's restrictions in the use of her

---

[1] The regulations describe light work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

1 upper extremities (no overhead reaching, occasional pushing, and frequent handling and
2 fingering with the left upper extremity) and need to avoid certain environmental
3 conditions (concentrated exposure to heat and hazards) significantly impacts her ability
4 to perform the full range of light work. (JS 3-6.)

5 "An ALJ is required to consider as opinion evidence the findings of state agency
6 medical consultants; the ALJ is also required to explain in his decision the weight given
7 to such opinions." *Sawyer v. Astrue*, 303 Fed. Appx. 453, 455 (9th Cir. 2008); *see* 20
8 C.F.R. § 416.927(e)(2)(i)-(ii); *see also* Social Security Ruling 96-6p (stating that an ALJ
9 "may not ignore" the opinions of state agency medical consultants "and must explain the
10 weight given to the opinions in their decisions").

11 Here, the ALJ implicitly rejected Dr. Gleason's findings for Plaintiff's non-
12 exertional limitations by excluding them from the RFC assessment. (AR 14, 16, 17, 307-
13 09.) Although the ALJ summarized Dr. Gleason's findings, the ALJ did not explain the
14 weight given to Dr. Gleason's opinion or offer any reasons for rejecting it. Instead, the
15 ALJ simply stated that an RFC assessment for the full range of light work was "consistent
16 with the weight of the medical evidence and the functional capacity assessments of
17 record." (AR 17.) This characterization of the RFC assessments of record, including Dr.
18 Gleason's opinion is inaccurate, as the ALJ's RFC for the full range of light work does
19 not accurately reflect the upper extremity and environmental limitations found by Dr.
20 Gleason. *See Sawyer*, 303 Fed. Appx. at 455. Therefore, remand is warranted to permit
21 the ALJ to reconsider Plaintiff's RFC, in light of Dr. Gleason's opinion. *See, e.g.,*
22 *Regennitter v. Commissioner*, 166 F.3d 1294, 1297 (9th Cir.1999) ("inaccurate
23 characterization" of record cannot serve as substantial evidence to support ALJ's
24 disability findings).[2]

25 The Commissioner argues that the objective medical findings and Plaintiff's

---

[2] The Court notes that the record contains an RFC assessment from an examining neurologist, who opined that Plaintiff is capable of lifting and carrying 50 pounds occasionally and 25 pounds frequently. (AR 318.) The ALJ, however, did not adopt the examining neurologist's findings in assessing Plaintiff's RFC. (AR 16, 17.)

Page 3

conservative treatment history do not support an RFC more restrictive than the full range of light work. (JS 7-9.) The Commissioner also asserts that Dr. Gleason's statement that "a light RFC is not unreasonable," suggests that the ALJ properly discounted Dr. Gleason's opinion.[3] (JS 9; AR 318.) The Commissioner's arguments are not persuasive, as the ALJ did not cite these reasons as a basis for rejecting Dr. Gleason's opinion. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (An ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."). Rather, as discussed, the ALJ mistakenly described Dr. Gleason's findings as consistent with the RFC for the full range of light work. (AR 17.) The ALJ's non-disability determination may not be affirmed based on reasons not articulated by the ALJ. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)("[courts] may not uphold an agency's decision on a ground not actually relied on by the agency" (citing *Securities and Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575 (1947))); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely.").

The ALJ's error in failing to give adequate consideration to Dr. Gleason's opinion is not harmless. *See Stout v. Comm'r of Soc. Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability). As Plaintiff argues, the limitations assessed by Dr. Gleason would have had significant vocational ramifications on the ALJ's RFC assessment and ultimate determination of non-disability at step five of the sequential analysis. (AR 4-6); *see, e.g., Sawyer*, 303 Fed. Appx. at 455 (failure to consider state agency consultants' opinions not harmless as the error was directly relevant to the issue of whether the claimant could perform light work);

---

[3] Plaintiff also asserts that a second state agency physician affirmed a light RFC. (JS 9; AR 332.) The record, however, does not support this contention. (AR 332.)

*see also Burkhart v. Bowen*, 856 F.2d 1335, 1341 (9th Cir. 1988) (explaining that the Grids are not applicable when the claimant has non-exertional limitations that "significantly limit the range of work permitted by the claimant's exertional limitations").

Accordingly, Plaintiff is entitled to remand on Issue #1.

**ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds a remand is appropriate because there are unresolved issues that, when properly resolved, may ultimately still lead to a not disabled finding. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (internal quotation marks and citation omitted). Accordingly, the present case is remanded for further proceedings consistent with this Memorandum and Order.

///
///
///
///

1  IT IS THEREFORE ORDERED that a judgment be entered reversing the
2  Commissioner's final decision and remanding the case so the ALJ may make further
3  findings consistent with this Memorandum and Order.

6  DATED: September 18, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE